THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

FRANK SMITH CASTILLO,

        Petitioner,                    07 Civ. 3401
                                              03 Cr. 979 (KMW)
                                              OPINION AND ORDER

    -against-

UNITED STATES OF AMERICA
              Defendants.

------------------------------------------------------X
WOOD, U.S.D.J.:

        In 2004, Petitioner Frank Smith Castillo ("Petitioner") was convicted of one count of illegally possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g).  Petitioner, acting pro se, files the instant petition for habeas corpus pursuant to 28 U.S.C. § 2255 ("Section 2255"), asking the Court to vacate, set aside, or correct his sentence on the grounds that (1) his trial counsel provided ineffective assistance, and (2) delays in his trial violated his Sixth Amendment right to a speedy trial.

        For the reasons set forth below, the Court DENIES Petitioner's habeas corpus petition.

I.      Background

        A.  Petitioner's Arrest and Conviction

        On July 4, 2003, two New York City police officers, Officer Marilyn Diaz and Officer Joseph Flores, observed Petitioner setting off fireworks during an outdoor party.  When Officer Diaz approached Petitioner, he extinguished the fireworks and ran.  While Officer Diaz was chasing Petitioner, she saw him throw an object through an open window.  Police officers searched the area around the window and recovered a 9mm handgun, and a small white object

with an attached fuse. Petitioner was arrested and charged with illegal gun possession under New York state law.

In 1992, Petitioner had been convicted for criminal possession of a loaded firearm in the third degree, which is a felony. After his July 4, 2003 arrest, he was transferred into federal custody on a federal criminal complaint charging him with being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g).

On August 11, 2003, a grand jury in the Southern District of New York returned an indictment against Petitioner (the "Indictment"), charging him with: (1) possessing a firearm after having been convicted of a felony; and (2) possessing an unregistered improvised explosive device. On August 18, 2003, Petitioner was arraigned and pleaded not guilty to both counts.

In anticipation of trial, Petitioner and the Government entered into two stipulations (the "Stipulations") that would be admissible at trial. First, the parties stipulated that the handgun Petitioner was charged with possessing "had been shipped and transported in interstate commerce" (the "Interstate Nexus Stipulation"). Second, the parties stipulated that Petitioner had been convicted of a previous felony (the "Prior Conviction Stipulation"). The Prior Conviction Stipulation did not state that Petitioner's previous conviction was for illegal gun possession.

On October 15, 2003, the Court held a scheduling conference and set Petitioner's trial for January 12, 2004. On January 7, 2004, the Government requested an adjournment until June 2004, because Officer Diaz, an essential Government witness, was in a high-risk pregnancy and would be unable to testify if the trial proceeded in January. Petitioner's attorney objected to the Government's request. The Court excluded time through February 2, 2004[1] while the

---

[1] The Speedy Trial Act of 1974 establishes time limits for completing various stages of federal criminal prosecution. 18 U.S.C. § 3161. Certain pretrial delays are automatically excluded from the Act's time limits,

2

Government explored alternative ways for Officer Diaz to testify, none of which proved to be feasible. On February 5, 2004, the Court issued an Order scheduling trial for May 17, 2004, and excluding time through that date based on Officer Diaz's unavailability.

On March 23, 2004, Petitioner's attorney filed a motion to dismiss the Indictment on speedy trial grounds. On April 30, 2004, the Court denied Petitioner's motion.

Petitioner's trial commenced on May 17, 2004. On May 21, 2004, the jury convicted Petitioner of illegally possessing a firearm after having been convicted of a felony.

### B. Petitioner's Post-Conviction Appeal

Petitioner appealed his conviction to the Second Circuit on two grounds: (1) that the conviction was obtained by unconstitutional failure of the prosecution to disclose evidence favorable to the defendant; and (2) that Petitioner was denied effective assistance of counsel. On April 20, 2006, the Second Circuit affirmed Petitioner's conviction. Petitioner filed a petition for certiorari in the United States Supreme Court on grounds identical to those raised on his direct appeal. The Supreme Court denied cert on October 16, 2006.

On March 28, 2007, Petitioner filed the instant petition for habeas corpus, pursuant to Section 2255. Petitioner argues that the Court should vacate, set aside, or correct his sentence because his trial counsel rendered ineffective assistance by (1) entering into the Stipulations; (2) committing witness and adversarial errors; and (3) failing to obtain an unredacted copy of the grand jury testimony from the Government. Petitioner also argues for relief because delays in his trial violated his Sixth Amendment right to a speedy trial; Petitioner did not raise this argument on direct appeal.

---

including delays for pretrial motions and delays caused by the unavailability of an essential witness. 18 U.S.C. § 3161(h). When a court calculates the deadlines for various stages of a criminal case, it excludes from its calculations the time used for permissible pretrial delays.

3

For the reasons set forth below, the Court DENIES Petitioner's petition for habeas corpus pursuant to Section 2255.

II. <u>Analysis</u>

   A. <u>Claim of Ineffective Assistance of Counsel</u>

The Court holds that Petitioner's trial counsel did not provide ineffective assistance.

      1. <u>Legal standard</u>

To prevail on a claim for ineffective assistance of counsel, a defendant must demonstrate that: (1) his counsel's performance "fell below an objective standard of reasonableness"; and (2) there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Strickland v. Washington</u>, 466 U.S. 668, 694 (1984). If a defendant makes an inadequate showing on one prong of the <u>Strickland</u> inquiry, the court does not need to address the second prong. <u>Id.</u> at 697.

Under the first prong of the <u>Strickland</u> test, "[j]udicial scrutiny of counsel's performance must be highly deferential." <u>Id.</u> at 689. There is a "strong presumption that [a lawyer's] conduct falls within the wide range of reasonable professional assistance." <u>Id.</u> at 689. To prove that counsel's performance was objectively unreasonable, a defendant "must overcome the presumption that, under the circumstances, [a] challenged action might be considered sound trial strategy." <u>Id.</u> at 689 (internal quotations omitted).

Section 2255 requires that the court hold an evidentiary hearing on a prisoner's claim, unless the motions and records in the case establish that the petitioner is not entitled to relief. "It is within a district court's discretion to determine whether an evidentiary hearing is warranted." <u>Bennet v. United States</u>, 2004 WL 2711064, at *3 (S.D.N.Y. 2004). While a court should not summarily dismiss a case unless it is clearly bereft of merit, an evidentiary hearing is not needed

in every case. Id.; see also Chang v. United States, 250 F.3d 79, 85-86 (2d Cir. 2001). To obtain a hearing, "a petitioner 'must demonstrate a colorable claim,' and the court must evaluate whether a hearing would 'offer any reasonable chance of altering its view of the facts.'" Bennet, 2004 WL 2711064, at *3, quoting Chang, 250 F.3d at 84, 86.

        2.   Application

            a.   Stipulations

Petitioner fails to demonstrate that his counsel's decision to enter into the Stipulations was objectively unreasonable, as required by the first prong of the Strickland analysis. The Second Circuit has established that a trial counsel's "decisions to offer or stipulate to certain evidence . . . are primarily matters of trial strategy and tactics and thus are virtually unchallengeable [under the first prong of the Strickland analysis] absent exceptional grounds." United States v. Cohen, 427 F.3d 164, 170 (2d Cir. 2005) (internal citations and quotation marks omitted); see also United States v. Gambina, 51 Fed. Appx. 40, 42 (2d Cir. 2002) (holding that trial counsel's decision to stipulate to two facts was "an entirely rational course of action [that] does not constitute ineffective assistance").

Petitioner does not argue that there are any exceptional grounds for challenging counsel's decision to enter into the Stipulations. Agreeing to the Stipulations was a sensible trial strategy. It is undisputed that the Government would have been able to prove at trial the fact stipulated to in the Interstate Nexus Stipulation.[2] By entering into the Prior Conviction Stipulation, Petitioner's counsel prevented the jury from learning that Petitioner had a prior history of illegal gun possession, which would have been more prejudicial to Petitioner than the mere fact that he had an unidentified prior conviction. Petitioner thus has not shown that he can overcome the

---

[2] The Government planned to present an expert witness from the Bureau of Alcohol, Tobacco and Firearms who would have testified that the gun was manufactured in a different state than the state in which it was sold, which would have established the interstate connection.

presumption that his counsel's conduct fell within the "wide range of reasonable professional assistance." Accordingly, the Court finds that an evidentiary hearing is unwarranted, and DENIES Petitioner's petition for relief based on his counsel's decision to enter into the Stipulations.

### b. Witness and adversarial errors

Petitioner claims that his counsel provided ineffective assistance by failing to (1) submit the Government's case to adversarial testing; (2) call any witnesses; and (3) investigate the Government's evidence. Petitioner does not show that he claims can meet either prong of the Strickland test.

First, Petitioner's counsel submitted the Government's case to reasonable adversarial testing. The Supreme Court has explained that counsel must "entirely [] fail to subject the prosecution's case to meaningful adversarial testing," in order to rise to the level of prejudice. Bell v. Cone, 535 U.S. 685, 697 (2002) (emphasis in original). The trial record indicates that Petitioner's counsel cross-examined all of the Government's witnesses. Petitioner does not explain how counsel's cross-examination was inadequate, or what additional steps counsel should have taken to test the Government's case. Thus, Petitioner has not shown that counsel entirely failed to submit the case to reasonable adversarial testing. In addition, Petitioner has provided no indication that additional action on the part of counsel would have changed the outcome of the case, and thus has failed to make any showing to support the second prong of the Strickland analysis.

Second, the trial record shows that Petitioner's counsel called a witness at trial to testify in support of Petitioner. The witness had attended the party at which Petitioner was setting off fireworks, and she testified that Petitioner had been wearing a tight tank top at the party, which

6

would have made it difficult for him to conceal a weapon. Petitioner claims that there were many other people at the party, and thus counsel should have called additional witnesses. Petitioner does not identify any specific witnesses whom counsel should have called, however, or explain what additional testimony could have been provided that would have been relevant to the defense case. Without such information, the Petitioner has not shown that he could overcome the presumption that counsel's decision to call only one witness was a permissible strategic choice. He also has not indicated that there is a reasonable probability that calling additional witnesses would have changed the outcome of the case.

Finally, the record indicates that Petitioner's counsel conducted a pretrial investigation into the Government's evidence. In addition to calling the witness, counsel also offered several photographs of the crime scene to support Petitioner's arguments. Petitioner again argues that counsel should have called more witnesses from the party, but still fails to indicate any specific witnesses whom counsel could have called or what testimony they would have offered. Therefore, Petitioner has not shown that counsel's pretrial investigation was inadequate, or that the outcome of his case would have been different had counsel done additional pretrial investigation.

Petitioner has failed to make a colorable claim that his counsel made witness or adversarial errors that rendered her assistance ineffective. The Court thus finds that an evidentiary hearing is unnecessary, and DENIES Petitioner's petition for relief on this ground.

        3.   <u>Grand jury testimony</u>

Petitioner argues that his counsel's assistance was ineffective because she did not object to the Government's redaction of grand jury testimony "from a patrolman on the arrest of the

defendant," or compel the production of an unredacted copy of the officer's grand jury testimony. Petitioner's claim is contradicted by the record.

Petitioner appears to believe that at least one of the officers who arrested him testified at the grand jury, and that his counsel failed to obtain a copy of that officer's grand jury testimony. Neither of the two officers who arrested Petitioner actually testified in the grand jury, however. The only officer who testified in the grand jury regarding Petitioner's arrest was Detective Scott Patterson. Detective Patterson's entire, unredacted grand jury testimony was provided to Petitioner's counsel as part of the Government's disclosure pursuant to Section 3500 of Title 18, United States Code. Thus there is no factual basis for Petitioner's claim of ineffective assistance. The Court DENIES Petitioner's motion for relief under Section 2255 based on his counsel's alleged failure to obtain unredacted grand jury testimony.

### B. Speedy Trial Violation

The Court holds that Petitioner is barred from arguing that delays in his trial violated his Sixth Amendment right to a speedy trial, because Petitioner did not raise the claim on direct appeal.

#### 1. Legal standard

A defendant cannot litigate under Section 2255 claims that he could have, but did not, raise on direct appeal, unless the defendant can show either: (1) cause and prejudice for the failure to raise the claim; or (2) that the defendant is actually innocent of the crime for which he was convicted. Bousley v. United States, 523 U.S. 614, 622-23 (1998). A defendant can show that there was "cause" for his failure to raise a claim by establishing that appellate counsel provided ineffective assistance. To prove that appellate counsel's assistance was ineffective, the defendant must meet Strickland's two-prong test, which requires showing that appellate

counsel's conduct was (1) objectively unreasonable, and (2) prejudicial to the defendant. See Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994). If a defendant argues that appellate counsel's assistance was ineffective because counsel decided not to raise a claim, the defendant must show that appellate counsel's decision "omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker." Id.

With respect to a defendant's Sixth Amendment right to a speedy trial, the Supreme Court has identified four factors that courts should consider when determining whether pre-trial delays violated the Sixth Amendment: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant. Barker v. Wingo, 407 U.S. 514, 530 (1972). The Supreme Court has found that the right to a speedy trial is meant to protect against three types of prejudice to a defendant that can be caused by pretrial delays: (1) oppressive pretrial incarceration; (2) anxiety and concern on the part of the accused; and (3) impairment to the defendant's ability to prepare his defense. Id. at 532. Of these potential prejudices, "the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." Id.

   2.  Application

Petitioner claims that his appellate counsel rendered ineffective assistance by not raising the speedy trial claim on direct appeal. Therefore, Petitioner argues, he has established "cause" for failing to raise the claim on appeal, and thus he can raise the claim in his habeas petition. Petitioner, however, does not establish that appellate counsel's decision to forego the speedy trial claim was objectively unreasonable so as to render appellate counsel's assistance ineffective. Thus, Petitioner does not show cause for his failure to raise the speedy trial claim on direct appeal, and Petitioner is barred from raising the claim in his habeas petition.

Petitioner's claim that the delays in his trial violated his Sixth Amendment right is weak. Petitioner's trial was delayed for approximately nine months; the bulk of that delay was due to the unavailability of Officer Diaz, a key Government witness. The Second Circuit regularly has found that delays of nine months and even longer do not violate the Sixth Amendment. See e.g., United States v. Esquilin, 205 F.3d 1325 (2d Cir. 2000) (19-month delay did not violate the Sixth Amendment); United States v. Vasquez, 918 F.2d 329, 338 (2d Cir. 1990) (26-month delay did not violate Sixth Amendment); United States v. Patterson, 135 Fed. Appx. 469, 473-74 (2d Cir. 2005) (9-month delay does not violate Sixth Amendment absent showing of prejudice). Further, it is undisputed that the reason for the delay was legitimate: an essential Government witness was unavailable. See Barker v. Wingo, 407 U.S. 514, 531 ("[A] valid reason, such as a missing witness, should serve to justify appropriate delay"); see also United States v. Koller, 956 F.2d 1408 (7th Cir. 1992) (finding that 7-month delay was not a speedy trial violation where main government witness was unavailable). The Sentencing Guidelines explicitly permit a court to delay a trial due to the unavailability of an essential witness. 18 U.S.C. § 3161(h). Finally, the Petitioner has not shown, or even argued, that the delay caused him any prejudice. In particular, he has offered no evidence that the delay impaired his ability to prepare his defense.

Because Petitioner's speedy trial claim was weak, his appellate counsel made a reasonable decision not to raise the claim on appeal, in favor of focusing on other arguments. Petitioner therefore has not established that appellate counsel provided ineffective assistance, and thus has not shown cause for failing to raise the claim. Accordingly, Petitioner is barred from raising the speedy trial claim in his habeas petition. The Court DENIES Petitioner's petition for relief on the ground that delays in his trial violated his Sixth Amendment Rights.

III.     Conclusion

For the reasons set forth above, the Court DENIES Petitioner's motion to vacate, set aside, or correct his sentence pursuant to Section 2255. A certificate of appealability will not issue because Petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. The Clerk of the Court is ordered to close this case; any pending motions are moot.

SO ORDERED.

DATED:   New York, New York
         ~~December~~ , 2009
         November 30,

_____
KIMBA M. WOOD
United States District Judge

11